IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN DAVID LEWIS, : CIVIL ACTION
[PP# 482807]    Petitioner : |
| : |
| V. : |
| : |
| CYNTHIA M. NELSON, et al., : NO. 06-CV-4529
Respondents : |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                April 27, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently in the custody of Pennsylvania authorities at the Curran Fromhold Correctional Facility ("CFCF") where he faces charges for raping a fellow prisoner while in prior custody in Philadelphia.

**BACKGROUND[1]**

Petitioner, Melvin David Lewis, was serving time in Autry State Prison in Pelham, Georgia, for forgery, fraud, and theft offenses. *Respondents' Answer*: Exhibit A. He was eligible to be released on parole in December, 2006. Petitioner alleges, without supporting documentation, that in May, 2005, the Georgia Department of Corrections ("DOC") accepted a "Request for Detainer" against him from Philadelphia, Pennsylvania authorities. *Habeas Petition*: Docket Entry #1 at p. 2. According to Petitioner, this detainer was for outstanding charges pending against him from 2003, prior to his imprisonment in Georgia. Mr. Lewis was temporarily transferred to Pennsylvania, where he was held by Philadelphia authorities from

---

[1] The facts in this discussion have been taken from Mr. Lewis's habeas petition, and Respondents' Answer (with exhibits).

September to November, 2005.  In November, 2005, Petitioner was released from Philadelphia custody and returned to Georgia.

On March 23, 2006, Philadelphia authorities issued a new "Request for Detainer" against Petitioner.  A warrant for Petitioner's arrest had been issued in Philadelphia on charges of aggravated involuntary deviant sexual intercourse, sexual assault and related offenses stemming from the rape of a fellow inmate on October 25, 2005 – while Petitioner was being temporarily held in custody at CFCF on the 2005 detainer.  *Respondent's Answer*: Exhibit B.  Petitioner indicates that in July, 2006, he filed a state petition for habeas corpus relief in Tattnall County, Georgia against Georgia DOC officials, challenging this 2006 detainer as a violation of the provisions of the Interstate Agreement on Detainers Act ("IAD")[2].

Petitioner signed and dated the instant federal habeas petition in the U.S. District Court for the Middle District of Georgia (Albany Division) on September 25, 2006, against the Autry State Prison warden, Georgia DOC officials, and the Philadelphia District Attorney's Office.  Mr. Lewis alleges that the 2006 detainer by Philadelphia authorities is in violation of the provisions of IAD.  In an order dated October 4, 2006, the U.S. District Court for the Middle District of Georgia transferred this case to the Eastern District of Pennsylvania.  *Original Record from Middle District of Georgia* [Docket Entry #1].

---

[2] Codified at 18 U.S.C. App. 2, § 1 et. seq., the Interstate Agreement on Detainers Act is an interstate compact governing the procedures by which incarcerated persons may be transferred from one state's custody to another state's custody.  Both Georgia and Pennsylvania are parties to the agreement.  *See* O.C.G.A. §§42-6-20 to 42-6-25 and 42 Pa.C.S.A. §§9101-9108, respectively.

On January 11, 2007, Petitioner signed a waiver permitting the Georgia DOC to transfer him to Philadelphia pursuant to the 2006 detainer. Mr. Lewis was eligible for release on the Georgia charges on January 30, 2007.[3]

On February 20, 2007, Respondents filed an Answer to Petitioner's habeas petition in which they argue that Mr. Lewis has failed to exhaust his available state remedies on his claim and, thus, his habeas petition should be dismissed.

## DISCUSSION

**Exhaustion**

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief

---

[3] Respondents represent that Mr. Lewis is still serving parole and probation time for the Georgia authorities. *Respondents' Answer* at p. 1, n. 1.

in federal court. *Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002)(quoting *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts … and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

A federal court may also **deny** a habeas petition on the merits notwithstanding the petitioner's failure to exhaust state remedies. 28 U.S.C. §2254(b)(2). *See Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).

In the instant case, Petitioner's claim is unexhausted because he never raised his IAD claim in the Pennsylvania State Court system. The exhaustion requirement applies to claims of IAD violations, just as it applies to any other habeas claim. *See McCandless v. Vaughn*, 172 F.3d 255 (3d Cir. 1999). Although Mr. Lewis did file a state habeas claim, he filed it in the Georgia State Courts and this did not count towards the exhaustion requirement.

In deciding to transfer Petitioner's case to the Eastern District of Pennsylvania, the United States District Court for the Middle District of Georgia explained that "the United States Supreme Court held that 'the most desirable forum' for the adjudication of a habeas claim attacking an interstate detainer was in the state 'where all of the material events took place, that the records and witnesses pertinent to petitioner's claims are likely to be found.'" *Original Record from Middle District of Georgia* [Docket Entry #1]: Order dated October 5, 2006 (*citing*

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1973)).  The court determined that the appropriate forum for Petitioner's claims was the Eastern District of Pennsylvania, where Philadelphia is located.

In *Mokone v. Fenton*, the Third Circuit held that, since "only the courts of the indicting state can enter an order that would effectively void the criminal charge," a "habeas petitioner must, prior to the invocation of federal judicial relief, exhaust the remedies available in the courts of the state that issued the contested judgment of conviction."  710 F.2d 998, 1003 (3d Cir. 1983)(discussing exhaustion of a speedy trial claim under the IAD).

It would be pointless to require Petitioner to exhaust his Georgia remedies.  Since Pennsylvania is the jurisdiction that issued the detainer, only Pennsylvania has an interest in having Petitioner exhaust his state remedies before bringing a habeas challenge against the detainer under the IAD.  *See Cameron v. Taylor*, 2007 WL 542377 (D.N.J. Feb. 16, 2007).  Accordingly, since Petitioner did not bring this claim in the Pennsylvania State Court system, his claim is unexhausted and should be dismissed on that basis.

While I believe that the failure to exhaust is dispositive, I note, in the alternative, that Petitioner's IAD claim is meritless.

Petitioner argues that the detainer issued against him in March, 2006 was a "second" detainer in violation of the provisions of the IAD.  *Habeas Petition*: Docket Entry #1 at pp. 7-10.  Petitioner specifically cites Article IV(e) of the IAD as requiring that "a prisoner <u>not</u> be returned back to the sending state from the receiving state until all untried matters are resolved."  He appears to claim that since Pennsylvania sent him back to Georgia in 2005 without charging him in connection with the rape of a fellow inmate which occurred while he was on detainer in

Philadelphia, the state cannot issue a second detainer and has effectively waived its ability to prosecute him on the sexual assault charges.

>Contrary to Mr. Lewis's interpretation, Article IV(e) of the IAD actually states:
>
>If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C.A. App. 2 § 2.

>To understand the full meaning of this provision, Article V(d) must also be considered:
>
>The temporary custody referred to in this agreement shall be **only** for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints **which form the basis of the detainer** or detainers or for prosecution on any other charge or charges **arising out of the same transaction.** [emphasis added]

*Id.*

Under the statute, had Pennsylvania sent Petitioner back to Georgia without trying him on all of the charges that led to the 2005 detainer being issued, then any charges not tried would be dismissed. The statute says nothing about, and therefore does not preclude, issuing a new detainer on new crimes that Petitioner may have committed. Petitioner was charged with sexually assaulting a fellow inmate while he was in custody in Philadelphia pursuant to the 2005 detainer. *See Respondents' Answer*: Exhibit B. The charges that were then filed against him stemming from this incident, which formed the basis of the 2006 detainer, are completely unrelated to the 2005 detainer. There is no authority to support Petitioner's belief that he could not be brought back to Pennsylvania to answer for his 2006 sexual assault charges simply

because the State didn't discover that he had committed these crimes until after Mr. Lewis was returned to Georgia pursuant to Article VI(e).

Petitioner's claim that the 2006 detainer was in violation of the IAD is meritless and cannot be the basis for habeas relief.[4]

## RECOMMENDATION

For the reasons stated above, it is recommended that Mr. Lewis' Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

---

[4] In issuing this Report & Recommendation, I reviewed Petitioner's *Request for an Order for Release from Custody on Own Recognizance Based on Respondents' Violation of FRAP 23*, his *Motion to Dismiss Complaint for Respondents' Violation of Writ of Habeas Corpus Clause*, and his *Motion for Appointment of Counsel/Request for An Evidentiary Hearing*. Because I have determined that the single habeas claim presented by Mr. Lewis is unexhausted, it is my recommendation that these motions be denied.